UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
DANI'S WINDOWS & GLASS, INC.,                          :
                                                       :
                         Plaintiff,                    :     **MEMORANDUM AND ORDER**
                                                       :     **ADOPTING REPORT AND**
          -against-                                    :     **RECOMMENDATION**
                                                       :     14-CV-368 (DLI) (JO)
THE FIDELITY AND DEPOSIT COMPANY OF                    :
MARYLAND,                                              :
                                                       :
                         Defendant.                    :
----------------------------------------------------------------x
**DORA L. IRIZARRY, Chief United States District Judge:**

Plaintiff, Dani's Windows & Glass, Inc. ("DWG"), initiated this proceeding on January 15, 2014 by filing a Complaint alleging that Defendant, The Fidelity and Deposit Company of Maryland ("Fidelity"), breached two construction contracts by failing to make required payments on their associated bonds. Specifically, DWG claimed that Fidelity failed to pay it for work performed on the Glen Oaks Library ("Glen Oaks") in Queens, New York, and for the work performed on the Riverside Health Center ("Riverside") in Manhattan, New York. *See* Complaint ("Compl."), Dkt. Entry No. 1. On August 8, 2014, Fidelity filed an Amended Answer ("Am. Answer") and counterclaimed that DWG had abdicated its duties under the Riverside contract and abandoned the project before completion. *See* Am. Answer, Dkt. Entry No. 22.

Both parties moved for partial summary judgment. DWG served its motion on February 4, 2015. *See* Br. in Supp. of Pl.'s Mot. for Partial Summ. J. ("DWG Mot."), Dkt. Entry No. 41-17. Fidelity served its opposition papers on February 18, 2015. *See* Br. in Opp. to Pl.'s Mot. for Partial Summ. J. ("Fidelity Opp."), Dkt. Entry No. 42. DWG served its reply on March 20, 2015. *See* Reply Br. in Further Supp. of Pl.'s Mot. for Partial Summ. J. ("DWG Reply"), Dkt. Entry No. 43.

DWG's motion sought summary judgment on the issue of liability and damages concerning Fidelity's alleged breach of the Glen Oaks contract, only. *See* DWG Mot.

Fidelity served its cross-motion on February 18, 2015. *See* Br. in Supp. of Def.'s Mot. for Partial Summ. J. ("Fidelity Mot."), Dkt. Entry No. 44-30. DWG served its opposition papers on March 20, 2015. *See* Br. in Opp. to Def.'s Mot. for Partial Summ. J. ("DWG Opp."), Dkt. Entry No. 45. Fidelity served its reply, and filed all motion papers for both motions, on April 17, 2015. *See* Reply Br. in Further Supp. of Def.'s Mot. for Partial Summ. J. ("Fidelity Reply"), Dkt. Entry No. 46. Fidelity's motion sought summary judgment only on its counterclaims for DWG's alleged breach of the Riverside contract. *See* Fidelity Mot.

On June 16, 2016, this Court referred the two motions to United States Magistrate Judge James Orenstein for a Report and Recommendation ("R & R"). On September 7, 2016, the magistrate judge issued an R & R recommending that the Court grant Dani's motion, deny Fidelity's motion, and proceed to trial on all remaining issues. *See generally* R & R, Dkt. No. 47. In granting DWG's motion, the magistrate judge determined that: (1) the work performed by DWG was properly authorized; (2) the only item challenging the validity of the authorizations was a conclusory affidavit generated after the close of discovery; and (3) DWG's alleged debt to Fidelity for the Riverside project does not prevent granting summary judgment to Plaintiff. *Id*. at 7-10. In denying Fidelity's motion, the magistrate judge found that the determination as to whether DWG had abandoned the Riverside project "boil[ed] down to a factual question of whether [DWG] substantially completed its contractual performance before" the October 30, 2013 meeting. *Id*. at 12.

On September 21, 2016, Fidelity timely filed objections to the R & R, raising ten arguments. *See* Objs. to R & R of the Hon. James Orenstein, U.S. Mag. Judge, E.D.N.Y. Dated

Sept. 7, 2016 ("Objs."), Dkt. Entry No. 48. DWG opposed those objections on October 5, 2016. *See* Pl. Dani's Windows & Glass, Inc.'s Mem. of Law in Resp. to Def.'s Rule 72 Objs. ("Objs. Opp."), Dkt. Entry No. 48.

For the reasons below, the objections are overruled and the R & R is adopted in its entirety.

## **DISCUSSION**[1]

When a party objects to an R & R, a district judge must make a *de novo* determination as to those portions of the R & R to which a party objects. *See* FED. R. CIV. P. 72(b)(3); *United States v. Male Juvenile*, 121 F.3d 34, 38 (2d Cir. 1997). However, if a party "simply relitigates his original arguments, the Court reviews the Report and Recommendation only for clear error." *Antrobus v. New York City Dep't of Sanitation*, No. 11-CV-5434 (CBA) (LB), 2016 WL 5390120, at * 1 (E.D.N.Y. Sept. 26, 2016) (internal citations and quotation marks omitted); *see also Rolle v. Educ. Bus Transp., Inc.*, No. 13-CV-1729 (SJF) (AKT), 2014 WL 4662267, at *1 (E.D.N.Y. Sept. 17, 2014) (explaining that to allow "a rehashing of the same arguments set forth in the original papers . . . would reduce the magistrate's work to something akin to a meaningless dress rehearsal.") (internal citations and quotation marks omitted). Similarly, the Court will not "ordinarily . . . consider arguments, case law and/or evidentiary material which could have been, but [were] not, presented to the magistrate judge in the first instance." *Santiago v. City of New York*, No. 15-CV-517 (NGG) (RER), 2016 WL 5395837, at *1 (E.D.N.Y. Sept. 26, 2016) (internal citation and quotation marks omitted). After its review, the district court may then "accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." FED. R. CIV. P. 72(b)(3); *see also* 28 U.S.C. § 636(b)(1).

---

[1] The Court assumes the parties' familiarity with the facts as outlined in the R & R. *See* R & R at 2-4.

Fidelity's objections are that: (1) the magistrate judge made an improper factual determination (Objs. at 8); (2) Fidelity raised triable issues of fact concerning rejected change orders (*Id*. at 4-5); (3) the evidence does not support DWG's claim that Summit authorized all additional work for which it seeks payment (*Id*. at 7-8); (4) the magistrate judge incorrectly found that a witness' deposition testimony contradicted his post-discovery affidavit (*Id*. at 8); (5) the magistrate judge made an improper credibility determination (*Id*. at 5-7); (6) Fidelity should be excused from a typographical error in its opposition papers that cited to the wrong exhibit and the Court should re-evaluate its argument based on the correct exhibit (*Id*. at 2-3); (7) the magistrate judge ignored N.Y. STATE FIN. LAW § 137 (*Id*. at 9); (8) a final judgment should not be entered on the question of the Glen Oaks project under FED. R. CIV. P. 54(b) (*Id*. at 12); (9) if the Court adopts the R & R's findings vis-à-vis the Glen Oaks project, enforcement should be stayed under FED. R. CIV. P. 62(h) (*Id*. at 12-13); and (10) the record establishes that DWG's work on the Riverside project was not substantially complete (*Id*. at 10-11).

## I. THE GIATTINO AFFIDAVIT

The first five objections concern the post-discovery Affidavit of Frank Giattino, the Executive Vice President of Summit Construction Services Group, Inc.[2] *See* Objs. at 2-8; *see also* Aff. of Frank Giattino in Opp. to Pl.'s Mot. ("Giattino Aff."), Dkt. Entry No. 42-28. For most of these objections, the discussion is confined to three specific paragraphs. For ease of reference, the paragraphs at issue are reproduced below:

> **DANI'S CLAIM INCLUDES CHANGE ORDERS WHICH HAVE NOT BEEN APPROVED OR PAID FOR BY OWNER**
>
> 5. Plaintiff has included several change orders in its claim against the Glen Oaks project that have either not been approved and

---

[2] Summit was the general contractor for both the Glen Oaks and Riverside projects. Fidelity provided the payment bonds on behalf of Summit for those projects. R & R at 2.

4

>paid for by the project owner, the Department of Design and Construction ("DDC"), or have been conclusively rejected.
>
>6. These change orders include one for $14,115.36 which has not been paid for by the DDC and several others totaling another $12,295.00 which have been rejected, as they seek compensation for work that was part of Plaintiff's base scope of work.
>
>7. While [Fidelity] disputes that anything is owed with respect to the Glen Oaks project, at the very least the fact that there are several disputed change orders necessitates that the court deny any motion made by the Plaintiff for summary judgment on this portion of its claim.

Giattino Aff. at ¶¶ 5-7.

In evaluating these statements, the magistrate judge noted three separate shortcomings. First, Giattino did not explain or provide any evidence establishing how he, an agent of Summit, could make any representations on behalf of the Project Owner. R & R at 8. Second, Giattino did not explain or provide any evidence showing that the change orders were part of the "base scope of work." *Id*. Finally, Giattino did not "attempt to reconcile" these statements with his testimony that any change order on Summit letterhead, such as the unpaid $14,115.36 amount cited above in Paragraph Six, was valid. *Id*. at 8-9.

### i. *The Magistrate Judge's Factual Determinations Were Proper*

Fidelity claims that the magistrate judge improperly found that "Mr. Giattino was attempting to speak for the Project Owner with respect to the alleged rejection of certain change orders." Objs. at 8. Fidelity asserts that "Mr. Giattino's statements" only concern *Summit's* rejection of change orders, and, Giattino did not "suggest that these change orders have been rejected by the Project Owner." *Id*. As the magistrate judge considered the affidavit and Fidelity

5

challenges the magistrate judge's conclusions based thereon, the Court reviews the R & R for clear error. *See Morris v. Smith*, No. 13-CV-1441 (GLS) (DJS), 2016 WL 4532160, at *1 (N.D.N.Y. Aug. 30, 2016) ("In cases where . . . a party resubmits the same papers . . . already considered by the magistrate judge, [the] [C]ourt reviews the findings and recommendations . . . for clear error.") (internal citations omitted).

Without citing to any evidence, Fidelity asserts that Giattino's "sworn testimony is that **Summit** rejected" the change orders. Objs. at 8 (bold in original). After reviewing the evidence that was submitted and considered by the magistrate judge, the Court cannot locate any testimony substantiating that claim. Furthermore, the three paragraphs contained under the heading "Dani's Claim Includes Change Orders Which Have Not Been Approved Or Paid By Owner," assert that, *either* the Project Owner has not approved or paid the disputed change orders *or* that the disputed orders sought payment for work considered part of Dani's "base scope of work." *See* Giattino Aff. at ¶¶ 5-7. Giattino does not elaborate on these conclusory statements, cite to any evidence to support his assertions, or explain how he can speak on behalf of the Project Owner. *Id*. Furthermore, the arguments in Fidelity's opposition do not address Summit's position, but rather consistently speak to *the Project Owner's* acceptance or rejection of the change orders. Fidelity Opp. at 2-4.[3] The finding that Giattino attempted to speak on behalf of the Project Owner is not clearly erroneous. Accordingly, Fidelity's objection concerning the magistrate judge's factual determinations is overruled.

---

[3] The pages for the Fidelity Opp. are not numbered. As such, the Court cites the page number assigned in the Adobe Acrobat file accessible via ECF.

### ii. The Magistrate Judge Properly Found the Change Orders Were Approved

Fidelity asserts that "[t]he Giattino [A]ffidavit establishes that several change orders, for which [DWG] seeks payment, had either not yet been paid for by the Project Owner or conclusively rejected by Summit and are therefore not properly part of the Plaintiff's claim." Objs. at 4. Fidelity cites only to the sixth paragraph of the affidavit to support this claim. *Id*. at 4-5. Before the magistrate judge, Fidelity argued, "[A]s discussed in the Giattino [A]ffidavit, the Plaintiff's claim includes amounts for change orders that have either not been approved and paid for by DDC or have been conclusively rejected." Fidelity Opp. at 3 (citing Giattino Aff. at ¶¶ 5-7). There is no discussion of Summit. *Id*.

The magistrate judge considered this argument and determined that "[t]he evidence in the record supports Dani's assertion that Summit authorized all of the additional work for which it now seeks payment." R & R at 7. Since this issue that was before the magistrate judge is simply reiterated in Fidelity's Objections, that portion of the analysis is reviewed for clear error.

There is no clear error in the magistrate judge's analysis. DWG presented documentation showing that: change orders were submitted; the work was performed; and it billed for that work. *See* Change Orders ("Ch. Orders"), Dkt. No. 41-8, at 001131-001134 (the sum of these orders is $12,295.00); Sept. 10, 2013 Ltr. from DWG to DDC ("Sept. 2016 Ltr."), Dkt. No. 41-11 (indicating requests for payment and change orders submitted to Summit); Payment Application ("Payment App."), Dkt. Entry No. 41-14, at 001141-001143 (reflecting submission of documentation to Summit). In contrast, the affidavit is bereft of any citation to any evidence supporting Fidelity's position that the change orders were rejected. *See* Giattino Aff. at ¶¶ 5-7. These statements are insufficient to survive summary judgment. Indeed, "[t]he non-moving party may not rely on conclusory allegations or unsubstantiated speculation. Instead, the non-movant must produce specific facts indicating that a genuine factual issue exists." *Scotto v. Almenas*, 143

F.3d 105, 114 (2d Cir. 1998) (internal citations and quotation marks omitted). As Fidelity failed to produce any evidence rebutting DWG's showing, the magistrate judge's finding is not clearly erroneous. This objection is overruled.

Similar to the objection addressed immediately above, Fidelity argues, as it did before the magistrate judge, that DWG failed to produce any evidence showing that the change orders totaling $12,295.00 *were* approved.[4] *See* Objs. at 7; R & R at 7. This finding is reviewed for clear error.

Giattino insists that the unidentified change orders totaling $12,295.00 were rejected because they "s[ought] compensation for work that was part of [DWG's] base scope of work." Giattino Aff. at ¶ 6; *see also* Objs. at 7-8. Yet, there is no explanation or evidence anywhere in his affidavit or the opposition papers to substantiate this claim. *See generally* Objs.; Fidelity Opp; Giattino Aff. In contrast, DWG provided copies of four change orders submitted for work that was performed and accepted, along with documentation that it submitted the change orders to, and sought payment from, Summit. *See* Ch. Orders, at 001131-001134; Payment App., at 001141-001143; Sept. 2016 Ltr.

When it comes to summary judgment, "[a]lthough the burden of demonstrating that no material fact exists lies with the moving party, unless the nonmoving party offers some hard evidence showing that its version of events is not wholly fanciful, summary judgment is granted to the moving party." *Miner v. Clinton Cnty.*, 541 F.3d 464, 471 (2d Cir. 2008) (internal citations and quotation marks omitted). Based upon DWG's submissions and Fidelity's lack of evidentiary support beyond the bald, self-serving statements in the affidavit, the magistrate judge's determination that the change orders were approved is not clearly erroneous.

---

[4] Noticeably, Fidelity does not challenge the validity of the $14,115.36 change order in this objection although he does in the objection discussed immediately hereafter. *See* discussion *infra* § I(iii).

8

### iii. *The Magistrate Judge Correctly Determined there Was a Contradiction Between Giattino's Affidavit and His Deposition Testimony*

Fidelity contends that the magistrate judge erred by "suggest[ing]" that the affidavit is inconsistent with Giattino's deposition testimony. Objs. at 8. The magistrate judge noted in the R & R that, "Giattino makes no attempt to reconcile the statement made in a self-serving affidavit following the close of discovery with the sworn testimony in which he acknowledged the validity of the kind of work orders [DWG] relies on here." R & R at 8-9. The issue of whether the affidavit contradicts Giattino's previous testimony is an issue that could have been addressed by Fidelity when it introduced the document with its opposition papers considered by the magistrate judge. Instead, Fidelity failed to raise before the magistrate judge how the affidavit complemented, rather than contradicted, Giattino's previous testimony, opting simply to rely upon the affidavit's conclusory assertions. *See* Fidelity Opp. at 3-4. This issue could and should have been addressed before the magistrate judge. As such, the cited portion of the R & R are reviewed for clear error.

Giattino testified that a change order issued on Summit's letterhead, whether signed or not, was a valid change order. Dep. Tr. of Frank Giattino ("Giattino Tr."), Dkt. Entry No. 41-3, at 7. Now, Fidelity argues, "the alleged change orders that are the subject of Paragraph [Six] of the Giattino [A]ffidavit were never issued by Summit, were never sent on Summit letterhead, nor were they signed by Summit." Objs. at 8. This statement is false. The $14,115.36 change order was unmistakably on Summit's letterhead. *See* Ch. Orders, at 001135. To support its argument further, Fidelity also submits a single page from Giattino's October 7, 2014 deposition that was not submitted previously. Objs. at 8 (citing "Exhibit Z"). Fidelity had the opportunity to submit this evidence when it filed its opposition papers, but it chose not to do so. At this juncture, the Court will not consider evidence that could have been, but was not, previously submitted. *See O.M. v.*

*CEC Entm't Concepts, L.P.*, No. 14-CV-6041 (DLI) (MDG), 2016 WL 1275043, at *3 (E.D.N.Y. Mar. 31, 2016).

Finding no clear error in the magistrate judge's analysis, this objection is overruled.

### iv. *The Magistrate Judge Did Not Make a Credibility Determination*

Fidelity argues that the magistrate judge's "suggest[ion] that Mr. Giattino was under an obligation to reconcile his affidavit with previous deposition testimony lead [sic] to an impermissible credibility determination." Objs. at 6. A review of the R & R reveals that the magistrate judge did not make any determination or finding concerning Giattino's credibility; rather, Fidelity consistently references a "suggestion." *Compare* Objs. at 5-6, *with* R & R at 8-9. Since the objection generally challenges a "suggestion," and not any specific finding or assessment of credibility, the Court reviews that portion of the R & R for clear error. *See Velasquez v. Metro Fuel Oil Corp.*, 12 F. Supp.3d 387, 397 (E.D.N.Y. 2014) ("[T]o obtain . . . *de novo* review . . . an objecting party must point out the specific portions of the [R & R] to which he objects.") (internal citation and quotation marks omitted); *Pall Corp. v. Entegris, Inc.*, 249 F.R.D. 48, 51 (E.D.N.Y. 2008) (internal citations omitted).

As explained above, the magistrate judge properly determined that Giattino's testimony concerning the validity of some change orders (*i.e.*, the $14,115.36 change order) contradicted his post-discovery statements in the affidavit. R & R at 8-9. While the magistrate judge noted that there was no attempt to square the statement with the testimony, he only concluded that such a discrepancy could not defeat DWG's motion for summary judgment.[5] *Id.* at 9. This is accurate. *See Crawford v. Franklin Credit Mgmt. Corp.*, 758 F.3d 473, 482 (2d Cir. 2014) (internal citations

---

[5] The magistrate judge also noted that, while the affidavit did not raise a genuine issue of material fact, he did "not suggest that the [C]ourt must disregard it entirely." R & R at 9, n.4.

10

omitted); *Kennedy v. City of New York*, 570 F. App'x 83, 85 (2d Cir. Jun. 24, 2014) (Summary Order) (explaining that a party "cannot rely on his affidavit to raise a disputed issue of material fact, where that affidavit contradicts his earlier testimony."); *Perma Research & Dev. Co. v. Singer Co.*, 410 F.2d 572, 578 (2d Cir. 1969) ("If a party who has been examined at length on deposition could raise an issue of fact simply by submitting an affidavit contradicting his own prior testimony, this would greatly diminish the utility of summary judgment . . . ."). Here, the magistrate judge did not make a credibility determination; he only concluded that Fidelity could not defeat DWG's motion for summary judgment by relying on a baseless, self-serving, and contradictory post-discovery statement. This is accurate. As the Court finds no clear error, this objection is overruled.

## II. REMAINING ARGUMENTS PRESENTED FOR THE FIRST TIME IN THE OBJECTIONS

"In this district and circuit, it is established law that a district judge will not consider new arguments raised in objections to a magistrate judge's report and recommendation that could have been raised before the magistrate, but were not." *Sci. Components Corp. v. Sirenza Microdevices, Inc.*, No. 03-CV-1851 (NGG) (RML), 2006 WL 2524187, at *2 (E.D.N.Y. Aug. 30, 2006) (collecting cases). Indeed, "[f]iling objections to a report and recommendation is not the tool for mopping up any inadvertent omissions." *Gutman v. Klein*, No. 03-CV-1570 (BMC) (RML), 2010 WL 4916722, at *5 (E.D.N.Y. Nov. 24, 2010) (internal citation omitted). However, that is precisely what Fidelity attempts to do in its remaining objections.

In objecting to the R & R, Fidelity asserts for the first time that it inadvertently cited to Exhibit H instead of Exhibit S in Paragraph 10 of the Giattino Affidavit. Objs. at 2. In Paragraph 10, Giattino claims that DWG never disputed the back charge for the Glen Oaks project. Giattino Aff. at ¶ 10. Exhibit H, however, does not relate to Glen Oaks, and DWG argued this point in its reply submission. DWG Reply at 3. Ultimately, the magistrate judge agreed that DWG "correctly note[d] in reply" that Exhibit H had nothing to do with the Glen Oaks project. R & R at 9 (internal

11

citations omitted). Now, Fidelity blames a "mistake in transcription," and asks the Court to "permit the correction of this typographical error . . . ." *Id*. The Court declines to do so. Fidelity was on notice, at least upon receiving DWG's reply, that the citation incorrect. At that moment, Fidelity could have and should have submitted a request to correct the citation so that it referenced the evidence supporting its position. Fidelity chose not to act, and the magistrate judge issued his R & R based on the record before him. The Court finds no clear error in the magistrate judge's analysis and the objection is overruled.

Fidelity also takes issue with the magistrate judge's calculation of interest. Citing N.Y. C.P.L.R. 5001(a) and (b), the magistrate judge determined that prejudgment interest on DWG's breach of contract claim would be calculated from May 31, 2012, the earliest date at which the claim existed. R & R at 10. Fidelity, citing to Section 137 of the New York State Finance Law, argues now for the first time that the magistrate judge erred by not computing interest "when demand for payment was made to the surety," or, from November 25, 2013. Objs. at 9. However, DWG specifically sought damages against Fidelity for breach of contract on the Glen Oaks project "plus interest at the statutory rate of nine percent per annum from May of 2012." DWG Mot. at 5; *see also* DWG Reply at 8. Fidelity's opposition was silent on this issue. *See generally* Fidelity Opp. Upon review, the topic was squarely presented and Fidelity ignored it. Consequently, the Court reviews the objection for clear error and finds none. The objection is overruled.

Two of Fidelity's objections concern certification of the Judgment and a stay of the enforcement of the Judgment, should this Court adopt the R & R. Objs. at 12. Although the issue of certifying the judgment under Rule 54(b) or staying enforcement of the decision under Rule 62(h) could have been raised before the magistrate judge, Fidelity chose not to do so. Additionally, since the magistrate judge did not speak to certification or staying enforcement, these objections

do not actually oppose any specific findings or recommendations in the R & R. This shortcoming alone provides an alternative basis to reject these objections as improper. *Velasquez*, 12 F. Supp.3d at 397 (internal citations omitted); *Pall Corp.*, 249 F.R.D. at 51 (internal citations omitted).

These objections are improper as they concern arguments that could have been addressed before the magistrate judge. Consequently, the Court has reviewed the R & R for clear error and finds none. These objections are overruled.

### III. THE MAGISTRATE JUDGE PROPERLY DENIED FIDELITY'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Finally, Fidelity claims that the magistrate judge improperly denied its motion for partial summary judgment based on his finding that there were triable issues of fact as to whether Plaintiff substantially had completed its work on the Riverside project. Objs. at 10.

Fidelity insists that "[t]he record clearly establishes that the state of [DWG's] work when [DWG] abandoned the project was such that it was clearly unusable for its intended purpose." *Id*. The question of whether DWG substantially completed its work on the Riverside project was at the root of each submission regarding Riverside. *See* Fidelity Mot. at 4-6; DWG Opp. at 1, 3-4, 7-8; Fidelity Reply at 2-5.[6] When he considered this issue, the magistrate judge found that the record was unclear and that DWG had "adduced admissible evidence that would allow a rational fact-finder to conclude that it substantially performed its contractual obligations." R & R at 12. Fidelity's claims "boil[ed] down to a factual question of whether Dani substantially completed its contractual performance" at the time of the alleged abandonment, and that, according to the magistrate, was a genuine issue of material fact. *Id*.

---

[6] The pages for the Fidelity Mot. are not numbered. Accordingly, the Court cites the page number assigned in the Adobe Acrobat file accessible via ECF.

This objection is nothing more than an attempt to relitigate an issue that was before, and decided by, the magistrate judge. This objection, thus, is improper and not entitled to *de novo* review. *See Antrobus*, 2016 WL 5390120, at * 1; *Rolle*, 2014 WL 4662267, at *1; *see also United States v. Gardin*, 451 F. Supp. 2d 504, 507 (W.D.N.Y. 2006) ("[P]arties are not to be afforded a second bite at the apple when they file objections to a Report and Recommendation, as the goal of the federal statute providing for the assignment of cases to magistrates is to increase the overall efficiency of the federal judiciary.") (internal citations and quotation marks omitted). As the magistrate judge's analysis was not clearly erroneous, the objection is overruled, and Fidelity's motion for partial summary judgment is denied.

## **CONCLUSION**

Upon reviewing the remainder of the R & R to which Fidelity does not object for clear error and finding none, the R & R is adopted in its entirety. Accordingly, DWG's motion for partial summary judgment is granted, Fidelity's cross-motion for partial summary judgment is denied, and the case shall proceed on all claims and cross-claims pertaining to the Riverside project.

SO ORDERED.

Dated: Brooklyn, New York
March 23, 2017

/s/
DORA L. IRIZARRY
Chief Judge